UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 07-cr-00395-PJH-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR ENTRY OF PLEA OF GUILTY IN ABSENTIA** |
| LINO HERNANDEZ-ORDAZ, | |
| Defendant. | Re: Dkt. No. 47 |

Defendant Lino Hernandez-Ordaz ("movant"), appearing pro se, has filed a motion for entry of plea of guilty in absentia to violation of the terms and conditions of his supervised release, and requests that a sentence of imprisonment be ordered to run concurrently with his current term of imprisonment imposed by another district court. Doc. no. 47.  By judgment entered February 16, 2010, movant was sentenced by this court to a term of imprisonment of 40 months and 3 years of supervised release, pursuant to a guilty plea to one count of illegal reentry by an alien after deportation, in violation of 8 U.S.C. § 1326.  This matter has been reassigned to the undersigned due to the retirement of the former presiding judge.

Movant represents that he is currently serving a 54-month term of imprisonment ordered by the United States District Court for the Southern District of California, Case No. 12-CR-2668 LAB.  The court takes judicial notice that the court docket for that case number in the Southern District of California shows that movant pled guilty to one misdemeanor count of improper entry and two felony counts of improper entry by an alien, in violation of 8 U.S.C. § 1325, and was sentenced on October 30, 2012, by the

1  District Court for the Southern District of California, to 54 months imprisonment and 1
2  year of supervised release.
3        Movant represents that he violated the terms and conditions of supervised release
4  ordered in this case by committing the offenses for which he was convicted in the
5  Southern District of California and is currently confined.  Movant states that he has been
6  in continuous custody since May 6, 2012, and has a projected release date of April 6,
7  2016.  Movant contends that he is currently serving a sentence of imprisonment in a
8  much higher custody level institution due to the pending violation of supervised release,
9  and has 3 additional custody classification points assessed to his total custody score.
10 Doc. no. 47 at 2.  Movant contends that the Bureau of Prisons deems inmates "with
11 unresolved judicial matters as ineligible to participate in their rehabilitational programs
12 offered, and places them at a higher custody level."  *Id.* at 3.  He therefore asks this court
13 to resolve his supervised release violation by accepting a guilty plea "in absentia, permit
14 the Defendant to be deported to Mexico upon completion of his instant term of
15 imprisonment, and allow the Defendant to participate in the rehabilitational programs
16 offered in the Federal Bureau of Prisons (F.B.O.P.)."  *Id.* at 2.  Movant also asks that the
17 court impose a sentence of imprisonment on the supervised release violation to run
18 concurrently with his current term of imprisonment ordered by the Southern District of
19 California.
20       Movant's request to enter a guilty plea on charges of violating the terms of his
21 supervised release is DENIED as premature, given that no summons or arrest warrant
22 has been executed to require his appearance on charges of a supervised release
23 violation in this case, and movant has not otherwise appeared in this court on charges of
24 a supervised release violation.
25       Furthermore, entry of a guilty plea is not the applicable procedure for disposition of
26 a petition by a Probation Officer alleging that a person has violated terms and conditions
27 of his supervised release.  Rule 32.1 of the Federal Rules of Criminal Procedure
28 establishes the procedures for revoking supervised release for alleged violations,

including a preliminary hearing to determine whether there is probable cause to believe that a violation occurred and a revocation hearing.  At the hearings, the releasee is given an opportunity to admit or deny the allegations that he violated the terms of supervised release.  Although Rule 32.1 permits the releasee to waive the hearings, the rule does not provide that the supervised release revocation proceedings may be conducted in the releasee's absence.  Movant's request to admit and resolve the supervised release violations in absentia is therefore DENIED.

Even if the entry of a plea were the appropriate vehicle for resolution of allegations of supervised release violations, movant's request to enter a guilty plea in absentia is DENIED on the ground that it fails to satisfy the requirements for the court to consider and accept a guilty plea under Rule 11 of the Federal Rules of Criminal Procedure.  In support of his request that the court enter a guilty plea to violation of supervised release conditions, movant states that he waives his right to be personally present at the proceedings, to be presumed innocent, to be represented by counsel, to present evidence and call witnesses, and to assert an affirmative defense and file motions.  Doc. no. 47 at 3.  These written waivers are not sufficient for entering a plea of guilty under Rule 11(b), which requires, among other things, that the court "address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)."  Fed. R. Crim. P. 11(b)(2).  The request to enter a guilty plea in absentia is therefore DENIED.

For the foregoing reasons, the request to enter a guilty plea, in absentia, to violations of the terms and conditions of supervised release, and the request for the sentence to run concurrently with his current term of imprisonment, are DENIED.

**IT IS SO ORDERED.**

Dated:  September 24, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge